DENNIS K. BURKE
United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
Assistant United States Attorney
Evo A. Deconcini United States Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: 520-620-7300
angela.woolridge@usdoj.gov
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **United States of America,** | CR 09-0734-003-TUC–JMR (DTF) |
| Plaintiff, | |
| v. | **RESPONSE TO DEFENDANT'S MOTION TO SEVER COUNTS OR DEFENDANTS** |
| **Richard Ryan Romero** | |
| Defendant. | |

Plaintiff, United States of America, by its attorneys, DENNIS K. BURKE, United States Attorney and ANGELA W. WOOLRIDGE, Assistant United States Attorney, hereby responds to the defendant's Motion to Sever Counts or Defendants in the above captioned matter.

## FACTS AND PROCEDURAL HISTORY

On June 7, 2007, Pima County Sheriff's Department deputies observed two vehicles stopped at the intersection of Manville and Old West Roads in Tucson, Arizona. Both of the vehicles had their left turn signals on, but neither attempted to turn even though there was no other traffic on the road to prevent them from proceeding. As Deputy Jelineo drove toward the vehicles, one of the vehicles quickly made a u-turn in front of the deputy and drove away at a high rate of speed, crossing over both the double yellow and white fog lines and kicking up dirt and rocks. Deputy Jelineo followed the vehicle to a driveway at 12310 West Manville

Road. The driver of the vehicle, who was later identified as the defendant, Richard Ryan Romero, exited the vehicle and threw his car keys away from the vehicle. The defendant then approached Deputy Jelineo's vehicle and began yelling that the deputies should not be on the property. Deputy Jelineo confirmed that the defendant's driver's license was suspended, and placed the defendant under arrest for driving on a suspended license and reckless driving.

While outside of the residence, deputies observed a strong odor of unburnt marijuana emanating from inside a trailer at the residence. Deputy Ahern responded with a drug sniffing canine, who alerted to the presence of narcotics both in the defendant's vehicle and the trailer. The defendant had $125 in cash in his front pants pocket, and Deputy Jelineo detected a strong odor of marijuana coming from the cash.

Co-defendant Lance Wayne Roberson was present inside the trailer and stated that he had been residing there as well. It was determined that the residence belonged to co-defendant Jack Martin Vose, who was not present at the time but also resided at the residence.

Deputies obtained and executed a search warrant at the residence. Pursuant to the search warrant, 871 pounds of marijuana and 63 firearms were discovered inside the trailer and seized. Indicia that the defendant had been residing at the residence, including court documents and other paperwork in the defendant's name, was found in one of the bedrooms. In the same bedroom, small bags of marijuana, a small bag of a white crystal substance, and a digital scale were found inside a safe that also contained paperwork belonging to the defendant. A video surveillance system for the property was connected to a television set in this bedroom, which was on at the time of the search.

On April 29, 2009, the defendant and co-defendants Vose and Roberson were all indicted on charges of conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. Co-defendant Vose was also indicted on charges of possession of a firearm by a convicted felon, possession of a firearm in furtherance of a drug trafficking offense, and possession of an unregistered firearm.

The defendant now files his Motion to Sever Counts or Defendants, claiming that he is misjoined with co-defendant Vose. The defendant is incorrect, and his Motion should be denied.

## MEMORANDUM OF LAW

### I. SEVERANCE IS NOT APPROPRIATE IN THIS MATTER

Rule 14 of the Federal Rules of Criminal Procedure provides that the court may grant a severance if a defendant is prejudiced by a joinder of offenses or of defendants. "[J]oinder is the rule rather than the exception." *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980). "Generally speaking, defendants jointly charged are to be jointly tried." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir.) *cert. denied*, 449 U.S. 856 (1980), *citing United States v. Gay*, 567 F.2d 916, 919 (9th Cir.), *cert. denied*, 435 U.S. 999 (1978).

The defendant is properly joined with co-defendant Vose. Both of the charges against the defendant are also charged against co-defendant Vose. Count One charges that the defendant and co-defendants Vose and Roberson were co-conspirators in their narcotics offenses. Count Two charges the defendant and co-defendants Vose and Roberson with the offense that was the object of their conspiracy. A logical relationship necessarily exists between the defendant and co-defendants with respect to the narcotics offenses, as there was a conspiracy among them to commit the offenses and that conspiracy is a necessary portion of the proof for both narcotics charges.

The defendant claims that joinder is improper because there is no logical relationship between the narcotics offenses with which he and both co-defendants are charged, and the firearms offenses with which co-defendant Vose is charged. However, even in making such an argument, the defendant acknowledges that one of the firearms offenses, Count Four of the Indictment, charges possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). While the defendant is not charged with any firearms offense, the firearms in this matter are related to the narcotics offenses, and that relationship is an

element of Count Four. The offenses occurred on the same date, arise from the same series of acts, and are logically related. Therefore, the narcotics and firearms offenses are properly joined.

The defendant claims that the as to the properly joined narcotics offenses, the evidence against him is slight as compared to that against co-defendant Vose. The defendant is incorrect. Both the defendant and co-defendant Vose had been residing at the residence. While co-defendant Vose was not present at the residence when the marijuana was discovered by law enforcement, the defendant was present. Personal belongings of both the defendant and co-defendant Vose were found inside the trailer. Contrary to the defendant's claim that there is no evidence of marijuana associated with the bedroom he occupied, bags of marijuana and a digital scale were in fact found in that bedroom inside a safe that also contained paperwork belonging to the defendant. The odor of marijuana coming from inside the trailer was so strong that it was noticeable outside of the residence, as well as throughout the inside of the trailer. Furthermore, the defendant's vehicle and the cash in his pocket also emitted an odor of marijuana.

Even if the amount of evidence against co-defendant Vose was greater than that against the defendant, this would not require severance. While a great disparity in the amount of evidence introduced against joined defendants may be grounds for severance, "a defendant is not entitled to a severance merely because the evidence against a codefendant is more damaging than the evidence against him." *United States v. Monks,* 774 F.2d 945, 949 (9th Cir. 1985), *citing United States v. Gaines*, 563 F.2d 1352, 1355 (9th Cir. 1977); *United States v. Douglass*, 780 F.2d 1472, 1479 (9th Cir. 1986). The "primary consideration is whether 'the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants.'" *Id.*, *citing Escalante*, 637 F.2d at 1201; *Gaines*, 563 F.2d at 1355. Even when the great majority of the evidence relates only to other defendants, the court's instructions to the jury can eliminate the need for severance. *Monks,* 774 F.2d at 949; *Douglass*, 780 at 1479.

"The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge. *Escalante*, 637 F,2d at 1201. Where the evidence is straightforward and relatively easy to follow, as it is in this case, a jury instruction that evidence against one defendant should be considered only against that defendant is sufficient to overcome the potential for prejudice. *Monks*, 774 F.2d at 949.

The defendant argues that he would be prejudiced by the introduction at trial of evidence of the firearms that co-defendant Vose is charged with possessing in this case. The defendant is incorrect. First, unlike marijuana, firearms are not inherently unlawful to possess. Co-defendant Vose's status as a convicted felon, his possession of the firearms in furtherance of his drug trafficking crimes, and his possession of an unregistered firearm, make his actions illegal. However, none of these actions are imputed to the defendant. Because a jury would not hear any evidence to suggest that the defendant himself was a prohibited possessor, possessed a firearms in furtherance of his drug trafficking crimes, or possessed an unregistered firearm, no negative connotation would be given to the defendant's proximity to the firearms or his association with co-defendant. Therefore, the evidence of the firearms to be introduced against co-defendant Vose would not prejudice the defendant.

Second, there is no reason a jury could not reasonably be expected to compartmentalize the evidence of co-defendant Vose's firearms offenses from the evidence of the narcotics offenses. The defendant claims all of the firearms were in an area of the trailer separate from his bedroom and there is no evidence that he had access to any of the firearms. Therefore, according to the defendant's contention, the evidence regarding the firearms is physically – as well as conceptually – compartmentalized. A jury instruction that the evidence regarding the firearms should be considered only against co-defendant Vose would overcome any potential for prejudice to the defendant.

///

## CONCLUSION

The defendant is properly joined with co-defendant Vose. The defendant and co-defendants Vose and Roberson are charged as co-conspirators in their narcotics trafficking offenses. The evidence of co-defendant Vose's firearms offenses is not prejudicial to the defendant, and any potential prejudice can easily be eliminated by an instruction to the jury. For these reasons, the government respectfully requests that the defendant's Motion to Sever Counts or Defendants be denied.

Respectfully submitted this 13th day of November, 2009.

DENNIS K. BURKE
United States Attorney
District of Arizona

*s/ Angela W. Woolridge*

ANGELA W. WOOLRIDGE
Assistant U.S. Attorney

Copy of the foregoing served
electronically or by other means
this 13th day of November, 2009, to:

Richard Jones, Esq.
Attorney for defendant Romero